**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| YESENIA AYUB, | * | |
| | * | |
| Plaintiff/Counter-Defendant, | * | |
| | * | |
| v. | * | Case No.:  17-cv-02132-APM |
| | * | |
| LORI A. PICCO, *et al.* | * | |
| | * | |
| Defendants/Counter-Plaintiffs. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS**

Plaintiff, Yesenia Ayub ("Plaintiff"), by and through undersigned counsel, hereby submits this Memorandum in support of her Motion to Dismiss Defendants' Counterclaims.  As set forth below, Defendants do not allege counterclaims upon which this Court may or should grant supplemental jurisdiction.  Nor does this Court have an independent basis of jurisdiction over those claims.  Thus, as articulated in greater detail below, Defendants' counterclaims should be dismissed pursuant to Federal Rule 12(b)(1).

## INTRODUCTION

Plaintiff was employed by Defendants Lori A. Picco and Andrew J. Walker ("Defendants") as a nanny from roughly January 1, 2012, until August 11, 2017.  For the final three years of her employment, Plaintiff typically and customarily worked more than 40 hours per week.  During those three years, Defendants paid Plaintiff a salary of roughly $845.00 per week regardless of the number of hours she worked, thereby depriving her of overtime pay to which she was entitled.

On October 16, 2017, Plaintiff filed this action against Defendants to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the

D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"). On December 18, 2017, Defendants filed their Answer and Counterclaims.

Rather than defend this matter on the merits, Defendants have opted for a scorched earth defense, concocting counterclaims against Plaintiff for conversion (Count I), negligence (Count II), breach of contract (Count III), unjust enrichment (Count IV), and unjust enrichment/money had and received (Count V). Each of those counts is wholly without merit and brought only to frighten Plaintiff or otherwise intimidate and retaliate against her for asserting her protected rights under the FLSA and the DCMWA.[1]

Defendants' counterclaims arise under District of Columbia law and are not claims upon which this Court may or should grant supplemental jurisdiction. For this Court to assert supplemental jurisdiction, Defendants' counterclaims must derive from a common nucleus of operative fact with the federal claims over which it has original jurisdiction. They do not. Furthermore, even if the Court were to conclude that is has supplemental jurisdiction over some or all of Defendants' counterclaims, it should decline to exercise it, as doing so would allow those claims to predominate the litigation, and counterclaims are generally disfavored in FLSA cases. Finally, there is no independent basis of jurisdiction over Defendants' counterclaims. Therefore, as described in more detail below, this Court must dismiss Defendants' counterclaims.

## STANDARD OF REVIEW

On a motion to dismiss a counterclaim for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the defendant/counter-plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *Wisey's #1 LLC v. Nimellis Pizzeria LLC*, 952 F. Supp. 2d 184, 188 (D.D.C. 2013) (citing *U.S. Ecology, Inc. v. U.S. Dep't of*

---

[1] For this retaliation, Plaintiff will amend her pleading to include relief for retaliation.

*Interior*, 231 F.3d 20, 24 (D.C. Cir. 2000)). Federal courts are courts of limited subject-matter jurisdiction, possessing only the powers authorized by the Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673 (1994). When a court lacks subject-matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). "[B]ecause subject matter jurisdiction focuses on the Court's authority to hear the party's claims, a Rule 12(b)(1) motion 'imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority.'" *Wisey's*, 952 F. Supp. 2d at 188 (quoting *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001)).

## ARGUMENT

### I. THE COURT LACKS SUPPLEMENTAL JURISDICTION OVER DEFENDANTS' COUNTERCLAIMS.

Defendants' counterclaims arise under District of Columbia law. In order for this Court to assert supplemental jurisdiction over those claims, they must "'derive from a common nucleus of operative fact' with the federal claims over which there is original jurisdiction." *Wisey's*, 952 F. Supp. 2d at 189 (quoting *Women Prisoners of the D.C. Dep't of Corrections v. District of Columbia*, 93 F.3d 910, 920 (D.C. Cir. 1996)). "State law claims do not derive from a common nucleus of operative fact when there is almost no factual or legal overlap between the state and federal claims." *Id.* (quoting *Chelsea Condo. Unit Owners Ass'n v. 1815 A St., Condo. Grp., LLC*, 468 F. Supp. 2d 136, 141 (D.D.C. 2007) (internal quotations omitted)).

Plaintiff's only claims in this case are for unpaid wages under the FLSA and the DCMWA. Defendants' counterclaims are wholly unrelated to unpaid wages and share no legal overlap and only minimal, background factual overlap with Plaintiff's wage claims. Plaintiff will address Defendants' counterclaims in turn.

First, in their counterclaim for conversion, Defendants allege that, in late 2014, Plaintiff "stole a check from [Defendant] Picco's checkbook and without authorization from [Defendants'] Picco or Walker wrote herself a check in the amount of Four Thousand Dollars ($4,000.00)."  Defendants' allegation of outright theft is wholly unrelated to Plaintiff's hours worked, pay received, or any other issue relating to unpaid wages.  *See, e.g., Molnoski v. Batmasian*, 246 F. Supp. 3d 1336, 1338-39 (S.D. Fla. 2017) (counterclaim alleging conversion of employer's property during employment did not give rise to supplemental jurisdiction in FLSA action for unpaid overtime).

Similarly, Defendants' counterclaim for vehicular negligence shares no legal or factual overlap with Plaintiff's wage claims.  Defendants' negligence claim will revolve around Defendants' ability to prove the elements of common law negligence – duty, breach, causation, and damages.  It shares no overlap with the discrete legal and factual questions raised by Plaintiff's wage claims – hours worked, pay received, and whether any failure to pay wages owed was in good faith or the result of a bona fide dispute.

In Counts III-V of Defendants' Counterclaims, Defendants allege that Plaintiff borrowed, and failed to repay, approximately $7,000.00 from Defendants during the course of her employment with them.  Defendants' counterclaims for an alleged unpaid loan do not derive from the same operative facts as Plaintiff's claims for unpaid wages, and the Court therefore lacks supplemental jurisdiction over those counterclaims.  *See, e.g., Cruz v. Don Pancho Mkt., LLC*, 167 F. Supp. 3d 902, 907 (W.D. Mich. 2016) (no supplemental jurisdiction over counterclaim to recover alleged loan to employee in FLSA case); *Denoncour v. Barrett's of S.W. Fla., Inc.*, 2016 U.S. Dist. LEXIS 152540 at *1-2 (M.D. Fla. 2016) (court lacked supplemental jurisdiction over state law counterclaim for alleged unpaid loan to employee in FLSA action).

Furthermore, the mere existence of an employment relationship "does not establish a common nucleus of operative fact where it is the sole fact connecting [the plaintiff's] federal overtime claims and [the defendant's] state law counterclaims." *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 468 (S.D.N.Y. 2008); *see also Williams v. Long*, 558 F. Supp. 2d 601, 606 (D. Md. 2008) (noting that "numerous federal courts" have refused to exercise supplemental jurisdiction in FLSA cases when an employer-employee relationship is the sole common fact with the state law counterclaims).

In sum, Defendants' state law counterclaims do not arise from a common nucleus of operative facts with Plaintiff's FLSA claim.   At best, Defendants' counterclaims share background facts with Plaintiff's wage claims, most notably the fact that they involve litigants who were previously parties to an employment relationship.   However, state law claims that share only "background facts" and "do not share any operative facts are insufficient for supplemental jurisdiction." *Wisey's*, 952 F. Supp. 2d at 13-14 (quoting *Chelsea*, 468 F. Supp. 2d at 138-39.)

## II. EVEN IF THE COURT CONCLUDES THAT IT HAS SUPPLEMENTAL JURISDICTION, IT SHOULD DECLINE TO EXERCISE IT, BECAUSE COUNTERCLAIMS ARE DISFAVORED IN FLSA CASES AND DEFENDANTS' COUNTERCLAIMS WOULD PREDOMINATE THE LITIGATION.

Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right."  *Women Prisoners of the D.C. Dep't of Corrections v. District of Columbia*, 93 F.3d 910, 920 (D.C. Cir. 1996) (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130 (1966).  Thus, even if the Court concludes that it has the power to hear the Defendants' state law claims, it must then decide whether to exercise its discretion to assert jurisdiction over those claims. *Id.*

This Court has observed that "[g]enerally speaking, courts have been hesitant to permit an employer to file counterclaims in FLSA suits for money the employer claims the employee owes it, or for damages the employee's tortuous conduct allegedly caused." *Slaughter v. Alpha Drugs, LLC*, 907 F. Supp. 2d 50, 53-54 (D.D.C 2012) (declining to exercise supplemental jurisdiction over counterclaims in FLSA case).[2] "The only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act." *Brennan v. Heard*, 491 F.2d 1, 6-7 (5th Cir. 1974).

In the case at bar, Defendants ask this Court to assume jurisdiction over a slew of grievances arising under state law that share no legal or factual overlap with Plaintiff's FLSA claim other than the fact that they involve litigants who were previously parties to an employment relationship. Allowing Defendants to proceed on their claims would be antithetical to the purposes of the FLSA. *See Brennan*, 491 F.2d at 6 ("The federal courts were not designated by the FLSA to be either collection agents or arbitrators for an employee's creditors.).

Furthermore, if Defendants were allowed to proceed on their counterclaims, those claims would predominate over the discrete issues raised by Plaintiff's wage claims. Defendants' counterclaims outnumber Plaintiff's claims and raise numerous issues of state law – including issues of tort, property, and contract law - that are not pertinent to Plaintiff's wage claims. Thus, even if the Court concludes that it has supplemental jurisdiction over some or all of Defendants'

---

[2] Numerous other federal courts have observed that counterclaims by employers are disfavored in FLSA cases. *See Ramirez v. Amazing Home Contrs., Inc.*, 2014 U.S. Dist. Lexis 164739 (D. Md. 2014) ("To permit [the employer] in such a proceeding to try [its] private claims, real or imagined, against [its] employees would delay and even subvert the whole process."); *Sneed v. Wireless PCS Ohio #1, LLC*, 2017 U.S. Dist. Lexis 31279 (N.D. Oh. 2017) ("[U]nrelated counterclaims in FLSA litigation should be disfavored because they could be viewed as retaliation for an employee bringing and FLSA claim against the employer."); *Morrisroe v. Goldsboro Milling Co.*, 884 F. Supp. 192 (E.D.N.C. 1994) ("If an employer is permitted to collect on a debt owed the employer by its employees via a separate action or counterclaim to an action under the FLSA, the purpose of the Act is undermined.").

counterclaims, it should exercise the discretion conferred on it by 28 U.S.C. § 1367 to decline to hear those claims.

### III.     THE COURT LACKS AN INDEPENDENT JURSIDITIONAL BASIS TO HEAR DEFENDANTS' COUNTERCLAIMS.

Absent supplemental jurisdiction, this Court lacks an independent jurisdictional basis to hear Defendants' counterclaims. Each of Defendants' counterclaims is brought under District of Columbia common law. Thus, Defendants' counterclaims do not present a federal question under 28 U.S.C. § 1331. Nor is there diversity jurisdiction under 28 U.S.C. § 1332. The diversity statute provides for jurisdiction over civil actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332. While the parties to the instant case are citizens of different states – Maryland and the District of Columbia – the amount in controversy does not exceed $75,000. In their counterclaims, Defendants seek compensatory damages totaling $12,000, as well as an unstated amount in punitive damages pursuant to their counterclaim for conversion. The Court is required to consider punitive damages in determining whether the jurisdictional amount has been met. *Hunter v. District of Columbia*, 384 F. Supp. 2d 257, 261 (D.D.C. 2005). However, in order for the total amount in controversy to exceed $75,000 in the instant case, Defendants would have to be awarded more than $63,000 in punitive damages ($75,000 - $12,000). Such an award would be more than 15 times the compensatory damages of $4,000 alleged in Defendants' conversion claim and unconstitutionally excessive. *See id*. at 262-63 (amount in controversy requirement not met because punitive damages award of more than 13 times the alleged compensatory damages would be unconstitutionally excessive). Thus, the diversity statute's amount in controversy requirement is not met in this case, and the Court lacks an independent jurisdictional basis to hear Defendants' counterclaims.

## **CONCLUSION**

Defendants' counterclaims arise under District of Columbia law and are not claims upon which this Court may or should grant supplemental jurisdiction.  Nor does this Court have an independent jurisdictional basis to hear those counterclaims.  For these reasons, the Court should grant Plaintiff's Motion and dismiss Defendants' counterclaims.

Respectfully submitted,

_____/s/_____
Michael K. Amster, Bar No.: 1001110
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave. Suite 400
Silver Spring, MD 20910
(301) 587-9373 (ph)
(240) 428-9142 (fax)
mamster@zagfirm.com

*Counsel for Plaintiff*