## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

YESENIA AYUB                          *
                                      *
   PLAINTIFF,                       *
                                      *
   v.                               *          Case No.:  17-cv-02132-APM
                                      *
LORI A. PICCO, *ET AL.*               *
                                      *
   DEFENDANTS.                      *
*************************************************************************

## FIRST AMENDED COMPLAINT

Plaintiff Yesenia Ayub ("Plaintiff"), by and through undersigned counsel, hereby submits this First Amended Complaint against Defendants Lori A. Picco and Andrew J. Walker ("Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA") as set forth below.  A comparison copy showing amendments to the original Complaint is provided herewith as Exhibit A.

## PARTIES AND JURISDICTION

1.    Plaintiff is an adult resident of the State of Maryland.  By participating as the named Plaintiff in this action, Plaintiff consents to prosecute her claims against Defendants under the FLSA.

2.    Defendants are adult residents of the District of Columbia.

3.    Defendants employed Plaintiff to work as a nanny.  Plaintiff worked in the District of Columbia in Defendants' home.

4.    At all times during Plaintiff's employment, Plaintiff was employed in domestic service in one or more household.

5.    Pursuant to the foregoing, at all times, Defendants were Plaintiff's "employers"

1

for the purposes of the FLSA and DCMWA.

6.     This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."  Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

7.     Defendants are subject to the DCMWA because Plaintiff spent more than 50% of her time working in the District of Columbia.

## FACTS

8.     Throughout Plaintiff's employment, Defendants:

a. Had the power to hire, fire, suspend, and otherwise discipline Plaintiff;

b. Had the power to supervise Plaintiff's work duties to ensure her work was of sufficient quality;

c. Set and controlled Plaintiff's work schedule or had the power to set and control Plaintiff's work schedule;

d. Set and determined or had the power to set and determine Plaintiff's rate and method of pay; and

e. Controlled and were in charge of Plaintiff's day-to-day duties and responsibilities.

9.     Plaintiff worked for Defendants from roughly January 1, 2012, until August 11, 2017.  For the last three years of Plaintiff's employment, Defendants paid Plaintiff a salary of roughly $845.00 per week, regardless of how many hours she worked.

10.     At the commencement of Plaintiff's employment, she worked an average of about 40 hours per week.  For the last three years of her employment, Plaintiff worked more than 40 hours per week virtually every week.

11.     Plaintiff's primary work duties did not qualify for any exemption under the FLSA and DCMWA.

12.     Defendants failed to pay Plaintiff at on-and-one-half times (1.5x) her regular rate for hours worked over forty.

13.     Defendant Lori A. Picco is a doctor and often improperly paid Plaintiff with checks from Health Care Consulting Services, Dr. Picco's medical practice.

14.     Defendants' failure and refusal to pay Plaintiff the wages she rightfully earned as required by the FLSA and DCMWA, including overtime at one-and-one-half times (1.5x) her regular rate was willful and intentional, and was not in good faith.

15.     After Plaintiff retained counsel and initiated settlement discussions, Defendants fabricated a written contract and time sheets. The fabricated agreement was titled "Independent Contractor Agreement" between Plaintiff and Healthcare Consulting Service, LLC. Tellingly, the fabricated agreement was only signed by Defendants, not by Ms. Ayub. Additionally, the Defendants fabricated time sheets to make it appear that Ms. Ayub was earning an hourly wage, rather than a salary.

16.     On or about September 1, 2017, the Defendants agreed to toll Plaintiff's statute of limitations from August 31, 2017 until September 30, 2017. On or amount September 29, 2017, Defendants agreed to further toll the statute of limitations until October 14, 2017. October 14, 2017 lands on a Saturday. Therefore, the Plaintiff's statute of limitations has been properly tolled from August 31, 2017 until the date that this Complaint was filed.

17.     On December 18, 2017, Defendants filed Counterclaims against Plaintiff, in which they asserted conversion, negligence, breach of contract, unjust enrichment, and unjust enrichment/money had and received against Plaintiff.

3

18.     Defendants brought these counterclaims in retaliation for Plaintiff having engaged in the protected activity of filing suit under the FLSA and the DCMWA.  Defendants brought these counterclaims with a retaliatory motive.  Defendants would not have brought these claims against Plaintiff if Plaintiff had not engaged in the protected activity of bringing claims against Defendants.

19.     Defendants' counterclaims lack a reasonable basis in law or fact.  They were fabricated by Defendants and brought solely with the intent to retaliate against Plaintiff for filing of this lawsuit and prevent Plaintiff from exercising her rights.  Plaintiff never stole or otherwise misappropriated property of Defendants, nor failed to repay any loan to Defendants.

## CAUSES OF ACTION

### COUNT I
### Violation of Fair Labor Standards Act
### (Overtime)

20.     Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

21.     The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half times (1.5x) the employee's regular rate of pay for all hours worked each week in excess of forty (40) ("overtime hours").

22.     At all times, Plaintiff was an "employee" covered by § 207(a)(1) of the FLSA, and Defendants were Plaintiff's "employers" under § 207(a)(2) of the FLSA.

23.     Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) Plaintiff's regular rate for all overtime hours Plaintiff worked.

24.     As set forth above, Defendants had knowledge and suffered or permitted Plaintiff

4

to work many overtime hours each week of their employment.

25.    As set forth above, Defendants failed and refused to pay Plaintiff one-and-one-half (1.5x) her regular rate for all overtime hours she worked.

26.    Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count I for all unpaid wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

27.    Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

28.    Plaintiff was Defendants' "employee," and Defendants were Plaintiff's "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq*.

29.    Defendants, as Plaintiff's employers under the DCMWA, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) Plaintiff's regular rate of pay for all hours worked per week in excess of forty (40) ("overtime hours").

30.    As set forth above, Defendants had knowledge and suffered or permitted Plaintiff to work many overtime hours during Plaintiffs' employment.

31.    As set forth above, Defendants failed and refused to pay Plaintiff one-and-one-half times (1.5x) her regular rate for all the overtime hours she worked.

32.    Defendants' failure and refusal to pay Plaintiff as required by the DCMWA was

willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count II, for all unpaid wages in an amount to be proven at trial, plus treble damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### Retaliation (FLSA)

33.     Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

34.     Plaintiff engaged in activity protected by the FLSA when she filed her original Complaint in this case.

35.     Plaintiff suffered adverse action when Defendants asserted their counterclaims against her.

36.     Defendants' counterclaims were brought with a retaliatory motive against Plaintiff because she filed her Complaint in this case.

37.     Defendants' counterclaims have no reasonable basis in law or fact.

38.     As a result of Defendants' unlawful retaliation, Plaintiff suffered damages, including, but not limited to, attorney fees and mental and emotional distress.

WHEREFORE, Defendants' are liable to Plaintiff under Count III for compensatory and punitive damages in amounts to be determined by the finder of fact, and for such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems appropriate.

## COUNT IV
### Retaliation (DCMWA)

39.     Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

40.     Plaintiff engaged in activity protected by the DCMWA when she filed her original Complaint in this case.

41.     Plaintiff suffered adverse action when Defendants asserted their counterclaims against her.

42.     Defendants' counterclaims were brought with a retaliatory motive against Plaintiff because she filed her Complaint in this case.

43.     Defendants' counterclaims have no reasonable basis in law or fact.

44.     As a result of Defendants' unlawful retaliation, Plaintiff suffered damages, including, but not limited to, attorney fees and mental and emotional distress.

WHEREFORE, Defendants are liable to Plaintiff under Count IV for compensatory and punitive damages in amounts to be determined by the finder of fact, and for such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems appropriate.

Respectfully submitted,

_____/s/_____
Michael K. Amster
Bar Number: 1001110
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240 - 839 - 9142
mamster@zagfirm.com

*Counsel for Plaintiff*

7

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of January, 2018, a true and correct copy of the foregoing First Amended Complaint was served upon all counsel of record via the Court's electronic case filing system.


                                               /s/
                                          Michael K. Amster

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

YESENIA AYUB                                          *

~~P.O. Box 30236~~                                    *

~~Bethesda, MD 20824~~                                *

                                                      *

    PLAINTIFF,                     *

                                                      *

    v.                             *        Case No.: 17-cv-02132-APM

                                                      *

LORI A. PICCO, *ET AL.*——                            *

~~3626 Davis St. NW~~                                 *

~~Washington, D.C. 20007~~                            *

                                                      *

~~-and-~~                                             *

                                                      *

~~ANDREW J. WALKER~~                                  *

~~3626 Davis St. NW~~                                 *

~~Washington, D.C. 20007~~                            *

                                                      *

    DEFENDANTS.                     *

*************************************************************************

**FIRST AMENDED COMPLAINT**

    Plaintiff Yesenia Ayub ("Plaintiff"), by and through undersigned counsel, hereby submits this First Amended Complaint against Defendants Lori A. Picco and Andrew J. Walker ("Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA") as set forth below. A comparison copy showing amendments to the original Complaint is provided herewith as Exhibit A.

**PARTIES AND JURISDICTION**

    1.    Plaintiff is an adult resident of the State of Maryland.  By participating as the named Plaintiff in this action, Plaintiff consents to prosecute her claims against Defendants under the FLSA.

1

**Formatted:** Indent: Left:  1", First line:  0.5"

2.      Defendants are adult residents of the District of Columbia.

3.      Defendants employed Plaintiff to work as a nanny.   Plaintiff worked in the District of Columbia in Defendants' home.

4.      At all times during Plaintiff's employment, Plaintiff was employed in domestic service in one or more household.

5.      Pursuant to the foregoing, at all times, Defendants were Plaintiff's "employers" for the purposes of the FLSA and DCMWA.

6.      This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."   Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

7.      Defendants are subject to the DCMWA because Plaintiff spent more than 50% of her time working in the District of Columbia.

7.

## FACTS

8.      Throughout Plaintiff's employment, Defendants:

   a.  Had the power to hire, fire, suspend, and otherwise discipline Plaintiff;

   b.  Had the power to supervise Plaintiff's work duties to ensure her work was of sufficient quality;

   c.  Set and controlled Plaintiff's work schedule or had the power to set and control Plaintiff's work schedule;

   d.  Set and determined or had the power to set and determine Plaintiff's rate and method of pay; and

2

e. Controlled and were in charge of Plaintiff's day-to-day duties and responsibilities.

9.      Plaintiff worked for Defendants from roughly January 1, 2012, until August 11, 2017. For the last three years of Plaintiff's employment, Defendants paid Plaintiff a salary of roughly $845.00 per week, regardless of how many hours she worked.

10.     At the commencement of Plaintiff's employment, she worked an average of about 40 hours per week. For the last three years of her employment, Plaintiff worked more than 40 hours per week virtually every week.

11.     Plaintiff's primary work duties did not qualify for any exemption under the FLSA and DCMWA.

12.     Defendants failed to pay Plaintiff at on-and-one-half times (1.5x) her regular rate for hours worked over forty.

13.     Defendant Lori A. Picco is a doctor and often improperly paid Plaintiff with checks from Health Care Consulting Services, Dr. Picco's medical practice.

14.     Defendants' failure and refusal to pay Plaintiff the wages she rightfully earned as required by the FLSA and DCMWA, including overtime at one-and-one-half times (1.5x) her regular rate was willful and intentional, and was not in good faith.

15.     After Plaintiff retained counsel and initiated settlement discussions, Defendants fabricated a written contract and time sheets. The fabricated agreement was titled "Independent Contractor Agreement" between Plaintiff and Healthcare Consulting Service, LLC. Tellingly, the fabricated agreement was only signed by Defendants, not by Ms. Ayub. Additionally, the Defendants fabricated time sheets to make it appear that Ms. Ayub was earning an hourly wage, rather than a salary.

16.     On or about September 1, 2017, the Defendants agreed to toll Plaintiff's statute of

3

limitations from August 31, 2017 until September 30, 2017.  On or amount September 29, 2017,

Defendants agreed to further toll the statute of limitations until October 14, 2017.  October 14,

2017 lands on a Saturday.  Therefore, the Plaintiff's statute of limitations has been properly

tolled from August 31, 2017 until the date that this Complaint was filed.

17.     On December 18, 2017, Defendants filed Counterclaims against Plaintiff, in

which they asserted conversion, negligence, breach of contract, unjust enrichment, and unjust

enrichment/money had and received against Plaintiff.

18.     Defendants brought these counterclaims in retaliation for Plaintiff having engaged

in the protected activity of filing suit under the FLSA and the DCMWA.  Defendants brought

these counterclaims with a retaliatory motive.  Defendants would not have brought these claims

against Plaintiff if Plaintiff had not engaged in the protected activity of bringing claims against

Defendants.

16.19.  Defendants' counterclaims lack a reasonable basis in law or fact.  They were

fabricated by Defendants and brought solely with the intent to retaliate against Plaintiff for filing

of this lawsuit and prevent Plaintiff from exercising her rights.  Plaintiff never stole or otherwise

misappropriated property of Defendants, nor failed to repay any loan to Defendants.

**CAUSES OF ACTION**

**COUNT I**
**Violation of Fair Labor Standards Act**
**(Overtime)**

17.20.  Plaintiff re-alleges and re-asserts each and every allegation set forth above as if

each were set forth herein.

18.21.  The FLSA mandates that an employer must pay employees overtime wages in the

amount of one-and-one-half times (1.5x) the employee's regular rate of pay for all hours worked

4

each week in excess of forty (40) ("overtime hours").

19.22. At all times, Plaintiff was an "employee" covered by § 207(a)(1) of the FLSA, and Defendants were Plaintiff's "employers" under § 207(a)(2) of the FLSA.

20.23. Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) Plaintiff's regular rate for all overtime hours Plaintiff worked.

21.24. As set forth above, Defendants had knowledge and suffered or permitted Plaintiff to work many overtime hours each week of their employment.

22.25. As set forth above, Defendants failed and refused to pay Plaintiff one-and-one-half (1.5x) her regular rate for all overtime hours she worked.

23.26. Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count I for all unpaid wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

24.27. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

25.28. Plaintiff was Defendants' "employee," and Defendants were Plaintiff's "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq.*

26.29. Defendants, as Plaintiff's employers under the DCMWA, were obligated to

5

compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) Plaintiff's regular rate of pay for all hours worked per week in excess of forty (40) ("overtime hours").

27.30.  As set forth above, Defendants had knowledge and suffered or permitted Plaintiff to work many overtime hours during Plaintiffs' employment.

28.31.  As set forth above, Defendants failed and refused to pay Plaintiff one-and-one-half times (1.5x) her regular rate for all the overtime hours she worked.

29.32.  Defendants' failure and refusal to pay Plaintiff as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count II, for all unpaid wages in an amount to be proven at trial, plus treble damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.

### COUNT III
### Retaliation (FLSA)

33.  Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

34.  Plaintiff engaged in activity protected by the FLSA when she filed her original Complaint in this case.

35.  Plaintiff suffered adverse action when Defendants asserted their counterclaims against her.

36.  Defendants' counterclaims were brought with a retaliatory motive against Plaintiff because she filed her Complaint in this case.

37.  Defendants' counterclaims have no reasonable basis in law or fact.

38.  As a result of Defendants' unlawful retaliation, Plaintiff suffered damages, including, but not limited to, attorney fees and mental and emotional distress.

**Formatted:** Normal, Centered, Line spacing:  single,  No bullets or numbering

**Formatted:** No underline

**Formatted:** Font: Bold, Underline

6

WHEREFORE, Defendants' are liable to Plaintiff under Count III for compensatory and punitive damages in amounts to be determined by the finder of fact, and for such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems appropriate.

## COUNT IV
### Retaliation (DCMWA)

39.    Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

40.    Plaintiff engaged in activity protected by the DCMWA when she filed her original Complaint in this case.

41.    Plaintiff suffered adverse action when Defendants asserted their counterclaims against her.

42.    Defendants' counterclaims were brought with a retaliatory motive against Plaintiff because she filed her Complaint in this case.

43.    Defendants' counterclaims have no reasonable basis in law or fact.

~~30.~~44. As a result of Defendants' unlawful retaliation, Plaintiff suffered damages, including, but not limited to, attorney fees and mental and emotional distress.

WHEREFORE, Defendants are liable to Plaintiff under Count IV for compensatory and punitive damages in amounts to be determined by the finder of fact, and for such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems appropriate. ~~Defendants are liable to Plaintiff under Count II, for all unpaid wages in an amount to be proven at trial, plus treble damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.~~

7

Respectfully submitted,

_____/s/_____

Michael K. Amster
Bar Number: 1001110
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240 - 839 - 9142
mamster@zagfirm.com

*Counsel for Plaintiffs*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of January, 2018, a true and correct copy of the foregoing First Amended Complaint was served upon all counsel of record via the Court's electronic case filing system.

_____/s/_____

Michael K. Amster

8