IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **YESENIA AYUB**, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | Case No. 17-cv-02132-APM |
| ) | |
| **LORI A. PICCO,** *et al.*, ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendants/Counter-Plaintiffs ) | |

**ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**

Defendants/Counter-Plaintiffs Lori A. Picco and Andrew J. Walker hereby submit this Answer to Plaintiff/Counter-Defendant Yesenia Ayub's First Amended Complaint (hereinafter "Complaint"). (ECF Dkt. No. 6.). In answer to Ayub's Complaint, Defendants state as follows:

**PARTIES AND JURISDICTION**

1. Defendants admit that Plaintiff is an adult and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Complaint.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. In response to Paragraph 6 of the Complaint, Defendants admit that this Court has personal and subject matter jurisdiction and that venue is proper.

7. Admitted.

## FACTS

8. Admitted.

9. Defendants admit that Plaintiff worked from approximately January 1, 2012, until August 11, 2017, and deny the remaining allegations in Paragraph 9 of the Complaint.

10. Denied.

11. Admitted.

12. Denied.

13. Defendants admit that Lori A. Picco is a doctor and that Defendants paid Plaintiff with checks drawn on an account in the name of Health Care Consulting Services and deny the remaining allegations in Paragraph 13 of the Complaint.

14. Denied.

15. Denied.

16. Admitted.

17. Admitted.

18. Denied.

19. Denied.

## COUNT I – FLSA OVERTIME CLAIM

20. Defendants incorporate by reference Paragraphs 1-19 above as if set forth fully herein.

21. Defendants admit that the FLSA requires overtime to be paid in certain circumstances and denies that the FLSA contains the mandate Plaintiff alleges in Paragraph 21 of the Complaint.

22. Admitted.

23. Admitted.

24. Denied.

25. Denied.

26. Denied.  In addition, Defendants deny that they are liable to Plaintiff in any manner and specifically deny the damages set forth in the WHEREAS clause following Paragraph 26.

## COUNT II – DC OVERTIME CLAIM

27. Defendants incorporate by reference Paragraphs 1-26 above as set forth fully herein.

28. Admitted.

29. Admitted.

30. Denied.

31. Denied.

32. Denied.  In addition, Defendants deny that they are liable to Plaintiff in any manner and specifically deny the damages set forth in the WHEREAS clause following Paragraph 32.

## COUNT III – FLSA RETALIATION CLAIM

33. Defendants incorporate by reference Paragraphs 1-32 above as set forth fully herein.

34. Admitted.

35. Denied.

36. Denied.

37. Denied.

38. Denied.  In addition, Defendants deny that they are liable to Plaintiff in any manner and specifically deny the damages set forth in the WHEREAS clause following Paragraph 38.

## COUNT IV – DCMWA RETALIATION CLAIM

39. Defendants incorporate by reference Paragraphs 1-38 above as set forth fully herein.

40. Admitted.

41. Denied.

42. Denied.

43. Denied.

44. Denied. In addition, Defendants deny that they are liable to Plaintiff in any manner and specifically deny the damages set forth in the WHEREAS clause following Paragraph 44.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred or limited by the applicable statutes of limitations.

### Second Affirmative Defense

Defendants at all times acted in good faith and with reasonable grounds for believing that they had not violated federal or District of Columbia law.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, under the doctrine of unclean hands.

### Fourth Affirmative Defense

Plaintiff's retaliation claims are barred by the *Noerr-Pennington* doctrine.

## COUNTERCLAIMS

Counter-Plaintiffs Lori A. Picco and Andrew J. Walker, by and through their undersigned counsel, hereby assert counterclaims against Counter-Defendant Yesenia Ayub, and in support thereof aver as follows:

1. During the course of her employment, Ayub borrowed approximately Seven Thousand Dollars ($7,000.00) from Picco and Walker. Despite demand for repayment, Ayub has not repaid any of the loans or accrued interest.

2. In or around October 2015, Ayub negligently operated her motor vehicle and drove it into Picco and Walker's house and fence.

3. As a direct and proximate result of Ayub's negligence, Picco and Walker incurred approximately One Thousand Dollars ($1,000.00) in property damage.

4. In late 2014, Ayub stole a check from Picco's checkbook and without authorization from Picco or Walker wrote herself a check in the amount of Four Thousand Dollars ($4,000.00). Ayub forged Picco's signature on the check and cashed it. Despite demand for repayment of the stolen funds, Ayub has not repaid them.

## COUNT I – Conversion

5. Picco and Walker incorporate all of the allegations and statements contained in paragraphs 1 through 4 above, as if reiterated herein.

6. Ayub, by fraudulently writing herself a check by which she stole or otherwise unlawfully obtained money in the amount of Four Thousand Dollars ($4,000.00) from Picco and Walker's bank account, which she continues to retain, unlawfully exercised ownership, dominion, and control over Picco and Walker's property in denial or repudiation of Picco's and/or Walker's right thereto, and thereby committed the intentional tort of conversion.

7. Picco and Walker are the sole owners of and have the sole possessory right to the entire bank account and associated funds from which Ayub unlawfully obtained Four Thousand Dollars ($4,000.00), and thus have a possessory right specific to the funds Ayub unlawfully obtained by means of fraudulently writing herself a check.

8. By stealing a check and forging Picco's name to it, Ayub acted with evil motive and actual malice, and engaged in outrageous and grossly fraudulent conduct.

WHEREFORE, Picco and Walker demand judgment against Ayub for the following:

    a. General damages according to proof, including but not limited to the return of the Four Thousand Dollars ($4,000.00);

    b. Punitive damages;

    c. Pre- and post-judgment interest;

    d. Costs of this action; and

    e. Any and all further relief that is just and proper.

### COUNT II – Negligence

9. Picco and Walker incorporate all of the allegations and statements contained in paragraphs 1 through 8 above, as if reiterated herein.

10. Ayub owed a duty of care to operate her automobile safely.

11. Ayub breached her duty of care when she drove her automobile into Picco and Walker's property.

12. As a direct and proximate cause of Ayub's negligence, Picco and Walker sustained property damage.

WHEREFORE, Picco and Walker demand judgment against Ayub, for the following:

    a. General damages according to proof;

    b. Pre- and post-judgment interest;

    c. Costs of this action; and

    d. Any and all further relief that is just and proper.

### COUNT III – Breach of Contract

13. Picco and Walker incorporate all of the allegations and statements contained in paragraphs 1 through 12 above, as if reiterated herein.

14. Picco and Walker, jointly and/or independently, had an express or implied contractual agreement with Ayub, as evidenced by the parties' words or actions, for the loan and repayment of money.

15. Ayub materially breached the agreement by failing to repay the required sum as required by the express or implied terms of the agreement, as well as failing to repay after demand for repayment.

16. As a result of Ayub's material breach, Picco and Walker suffered pecuniary damages.

WHEREFORE, Picco and Walker demand judgment against Ayub, for the following:

    a. General damages according to proof;

    b. Pre- and post-judgment interest;

    c. Costs of this action; and

    d. Any and all further relief that is just and proper.

### COUNT IV – Unjust Enrichment

17. Picco and Walker incorporate all of the allegations and statements contained in paragraphs 1 through 16 above, as if reiterated herein.

18. To the extent that a contractual agreement did not exist between Picco and/or Walker and Ayub, Picco and/or Walker nonetheless conferred a benefit on Ayub when Picco and/or Walker loaned Ayub approximately Seven Thousand Dollars ($7,000.00) during the course of her employment with the expectation of repayment.

19. Ayub both appreciated and had knowledge of the benefit, as she received and had the opportunity to decline or return the benefit.

20. Ayub retained and continues to retain the benefit conferred by Picco and/or Walker that in equity and good conscience she ought not to keep as it is inequitable for Ayub to retain the money received from the loan without the repayment of its value.

21. Ayub owes restitution to Picco and/or Walker in the amount of the benefit's value for the purpose of disgorging the benefit conferred by Picco and/or Walker on Ayub.

WHEREFORE, Picco and Walker demand judgment against Ayub, for the following:

    a. General damages according to proof;

    b. Pre- and post-judgment interest;

    c. Costs of this action; and

    d. Any and all further relief that is just and proper.

### COUNT V – Unjust Enrichment/Money Had and Received

22. Picco and Walker incorporate all of the allegations and statements contained in paragraphs 1 through 21 above, as if reiterated herein.

23. Ayub, by way of stealing a check, forging Picco's name to it, and then cashing or depositing it, fraudulently obtained possession of Picco's money.

24. Given the circumstances, equity and good conscience dictate that Ayub cannot be allowed to retain possession of Picco's fraudulently-obtained money.

25. Ayub owes restitution to Picco and/or Walker in the amount of the money that Ayub fraudulently obtained and continues to retain against equity and good conscience.

WHEREFORE, Picco and Walker demand judgment against Ayub, for the following:

    a. General damages according to proof;

  b.  Pre- and post-judgment interest;

  c.  Costs of this action; and

  d.  Any and all further relief that is just and proper.

## JURY DEMAND

Picco and Walker hereby demand a trial by jury on any claim or counterclaim so triable.

January 18, 2017          Respectfully submitted,

                 */s/ Daniel E. Farrington*
                 _____
                 Daniel E. Farrington (#471403)
                 The Farrington Law Firm, LLC
                 7501 Wisconsin Avenue, Suite 1220W
                 Bethesda, MD 20814
                 (301) 951-1538
                 dfarrington@farringtonlaw.com