# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **YESENIA AYUB,** | ) | |
| **Plaintiff,** | ) ) ) | |
| v. | ) ) | Case No. 17-cv-02132 (APM) |
| **LORI A. PICCO, et al.,** | ) ) ) | |
| **Defendants.** | ) ) | |

## MEMORANDUM OPINION AND ORDER

### I.

This matter arises out of Plaintiff Yesenia Ayub's work as a nanny for Defendants Lori A. Picco and Andrew J. Walker. On October 16, 2017, Plaintiff filed this action to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and the D.C. Minimum Wage Act. *See* Compl., ECF No. 1. Two months later, on December 18, 2017, Defendants responded with an Answer and four common law counterclaims—conversion, negligence, breach of contract, and unjust enrichment—all of which assert various theories as to why Plaintiff owes money to Defendants. *See* Answer and Counterclaims, ECF No. 3. Thereafter, on January 4 and 5, 2018, respectively, Plaintiff filed a Motion to Dismiss Defendants' Counterclaims, ECF No. 5, and a First Amended Complaint, ECF No. 6. The Motion asserts that the court lacks supplemental jurisdiction over Defendants' state law counterclaims. *See* Mot. to Dismiss, Mem. in Support, ECF No. 5-1 [hereinafter Pl.'s Mem]. The amended pleading adds two new claims of retaliation, one under the FLSA and the other under the D.C. Minimum Wage Act, each premised on the allegation that Defendants filed their counterclaims in retaliation for Plaintiff's filing suit.

*See* First Am. Compl. Defendants then answered the Amended Complaint and reasserted the same four counterclaims. *See* Answer to First Am. Compl. and Counterclaims, ECF No. 8.

II.

Before the court is Plaintiff's Motion to Dismiss Defendants' Counterclaims. *See* Mot. to Dismiss. The premise of Plaintiff's Motion is well-grounded. Many courts have held that state law counterclaims, like those asserted here, do not share a common nucleus of operative fact with federal wage claims, even when the counterclaims arise from the employment relationship. *See* Pl.'s Mem. at 3–5 (citing cases). Courts that have so held have recognized that "adjudicating counterclaims filed by an employer in the same context as a suit seeking unpaid wages may be inconsistent with the purpose of the FLSA—'to assure to the employees of a covered company a minimum level of wages.'" *Slaughter v. Alpha Drugs, LLC*, 907 F. Supp. 2d 50, 54 (D.D.C. 2012) (quoting *Martin v. PespiAmericas, Inc.*, 628 F.3d 738, 741 (5th Cir. 2010)).

This case, however, differs from those cited by Plaintiff in one critical respect: Plaintiff's FLSA *retaliation* claim shares a "common nucleus of operative fact" with Defendants' counterclaims. *See Lindsay v. Gov't Emps. Ins. Co.*, 448 F.3d 416, 423–24 (D.C. Cir. 2006). "[S]tate law claims do not derive from a common nucleus of operative facts if there is almost no factual or legal overlap between the state and federal claims." *Chelsea Condo. Unit Owners Ass'n v. 1815 A St., Condo Grp., LLC*, 468 F. Supp. 2d 136, 141 (D.D.C. 2007). But here there is a factual *and* legal overlap. Defendants surely will defend against the retaliation claims on the ground that they brought their counterclaims in good faith, and not to harass or intimidate Plaintiff for filing suit. Defendants' good faith, in turn, rests on the bona fides of their counterclaims. Viewed in this way, there can be little dispute that the FLSA retaliation claim and the counterclaims "derive from a common nucleus of operative fact" such that one "would ordinarily

be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Plaintiff rejects this conclusion, asserting that exercising supplemental jurisdiction as a result of Plaintiff's retaliation claim "rests on circular logic." Pl.'s Reply to Defs.' Opp'n, ECF No. 13, at 2 (citing *Ozawa v. Orsini Design Assocs.*, No. 13-cv-1282, 2015 WL 1055902, at *12 n.17 (S.D.N.Y. Mar. 11, 2015)). The court disagrees. "[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007). A district court therefore has "no obligation to consider jurisdictional bases set forth in prior iterations of the complaint." *Mohammadi v. Islamic Republic of Iran*, 782 F.3d 9, 18 (D.C. Cir. 2015). Thus, in this case, Plaintiff's Amended Complaint, not her original Complaint, drives the court's supplemental jurisdiction inquiry. Understood in that light, there is nothing "circular" about treating Plaintiff's FLSA retaliation claim and Defendants' state law counterclaims as arising from a common nucleus of operative fact.

Plaintiff also contends that "there are sound policy considerations" to reject exercising supplemental jurisdiction over Defendants' counterclaims. Pl.'s Reply at 2. She asserts that allowing such counterclaims to remain in federal court: (1) "risks rewarding employers who retaliate with baseless counterclaims by providing them a federal forum to wield those claims," and (2) "risks discouraging employees from [bringing] valid FLSA retaliation claims against employers who bring baseless counterclaims." *Id*. at 2–3.

Though not without surface appeal, Plaintiff's policy arguments are ultimately unpersuasive. It is unclear why any reasonable defendant would invite a retaliation claim merely to get its state law claims into federal court. The FLSA contains a specific damages provision that

entitles a retaliation plaintiff to recover "such legal or equitable relief as may be appropriate to effectuate the purposes of" the Act's anti-retaliation clause. 29 U.S.C. § 216(b). The Circuits uniformly have held that provision to allow an award of compensatory damages, including for emotional distress. *See Little v. Tech. Specialty Prods., LLC*, 940 F. Supp. 2d 460, 479 (E.D. Tex. 2013) (citing appellate cases). And some Circuits, although not all, have held that punitive damages are available under that provision. *See Greathouse v. JHS Sec. Inc.*, No. 11-cv-7845, 2016 WL 4523855, at *4 (S.D.N.Y. Aug. 29, 2016) (noting circuit split). Given this increased exposure to damages, it is unlikely that an FLSA defendant would file a "baseless" counterclaim to provoke a retaliation claim simply to get into federal court.

For much the same reason, exercising supplemental jurisdiction likely will not inhibit FLSA plaintiffs from bringing retaliation claims in similar circumstances. Because an FLSA retaliation claim allows for the recovery of *additional* damages, on top of those recoverable in an FLSA wage claim, plaintiffs will remain incentivized to pursue such a claim when cognizable, even if it means having to defend against an employer's counterclaims at the same time in federal court. Moreover, a plaintiff could reasonably want to have all related claims litigated in a single forum. Take the instant case. Had Plaintiff successfully secured dismissal of Defendants' counterclaims, Defendants might have turned around and brought those claims in the D.C. Superior Court. Once in D.C. Superior Court, Plaintiff could then bring her retaliation claim there as a counterclaim, but that would leave her fighting on two fronts. *See* 29 U.S.C. § 216(b) (providing concurrent federal and state court jurisdiction over FLSA claims). To avoid such a predicament, a reasonable plaintiff very well could elect to litigate only in the federal forum by bringing her FLSA retaliation claim there, even if it means having to take on a defendant's state

4

law counterclaims there, too. The court thus rejects Plaintiff's policy reasons for not hearing Defendants' counterclaims.

Finally, the court finds that none of the reasons to decline exercising supplemental jurisdiction, as set forth in 28 U.S.C. § 1367(c), apply here. Defendants' counterclaims do not raise novel issues of state law and do not predominate over the federal claims; nor are there exceptional circumstances present that counsel against exercising supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). To the contrary, the "values of judicial economy, convenience, fairness, and comity" weigh in favor of considering all claims in a single forum. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Accordingly, the court will exercise supplemental jurisdiction over Defendants' counterclaims.

III.

For the foregoing reasons, Plaintiff's Motion to Dismiss is denied. Plaintiff shall answer Defendants' counterclaims within 14 days of this date. *See* Fed. R. Civ. P. 12(a)(4)(A).

Dated: March 13, 2018

Amit P. Mehta
United States District Judge